UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLIE LEON CAMIEL,

        Plaintiff,

vs.                             Case No.  3:07-cv-191-J-25MCR

HOMES OF MERIT, INC.,

        Defendant.

_____/

## O R D E R

This case is before the Court <u>sua</u> <u>sponte</u>.  On August 9, 2007, the Court permitted counsel for Plaintiff, Charlie Leon Camiel, to withdraw and directed Plaintiff to inform the Court by August 24, 2007, whether he intended to obtain alternative counsel or proceed <u>pro</u> <u>se</u>.  Plaintiff has not responded.  Accordingly, the Court will assume Plaintiff is proceeding <u>pro</u> <u>se</u> and will take the opportunity to inform Plaintiff of some, but not all, of the procedural rules with which he must comply.  The Court reminds Plaintiff of these obligations because a <u>pro</u> <u>se</u> litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District of Florida.[1]  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1]      The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov  and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

All documents filed with the Court must be in the form of a pleading, see Rule 7(a), Fed.R.Civ.P. or of a motion, see Rule 7(b), Fed.R.Civ.P.  Each pleading, motion, notice, or other paper shall be presented in a separate document.

Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume Plaintiff does not oppose that motion and any relief requested therein.[2]  Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 10 days after Plaintiff is served with that motion by his opponent.  If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

Plaintiff shall not correspond with the Court or any judge or magistrate judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption (the same as is set forth on Plaintiff's Amended Complaint); a brief title that describes the nature of the

---

[2]     Motions that Plaintiff must respond to include, but are not limited to, Discovery Motions under Rule 37, Fed.R.Civ.P., Motions to Dismiss under Rule 12(b), Fed.R.Civ.P., and Motions for Summary Judgment under Rule 56, Fed.R.Civ.P.

document; Plaintiff's name and signature; and a Certificate of Service.  These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court.  Among other things, that signature serves as Plaintiff's certification, pursuant to Rule11(b), Fed.R.Civ.P. that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made.  Plaintiff is advised to review and become familiar with Rule 11, Fed.R.Civ.P., as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service.  The Certificate of Service is confirmation that Plaintiff has complied with the requirements of Rule 5, Fed.R.Civ.P. by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion.  If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting

that relief.  The motion must meet the requirements of all applicable rules, including the

Local Rules and the Federal Rules of Civil Procedure.  All motions must be

accompanied by a legal memorandum with citation to authorities in support of the relief

requested, see Local Rule 3.01(a).  However, the memorandum cannot exceed twenty-

five pages (25) in length, see Local Rule 3.01(d).  Further, Plaintiff is advised that prior

to filing most motions, Local Rule 3.01(g) requires that he confer with opposing counsel

in a good faith attempt to resolve the issue.  Plaintiff must include a certification in the

motion that he has complied with this requirement and he shall also notify the Court

whether the parties agree on the relief requested.  The Court would note that Local Rule

3.01 sets forth several other important requirements and rules governing motions filed

with the Court.  The failure to comply with these requirements or any other rule may

result in the denial of the motion.

 Plaintiff is also cautioned that he must abide by and comply with all orders of this

Court.  Failure to do so may result in sanctions, including dismissal of this case.   Lastly,

Plaintiff is reminded that, although he is now proceeding pro se, he is not relieved of all

of the obligations that rest upon an attorney.  There are still many requirements with

which Plaintiff must comply, including those imposed by the Federal Rules of Civil

Procedure and the Local Rules of this Court.  Plaintiff is warned that the failure to

comply with these requirements and obligations can have significant consequences.

For example, failure to respond to discovery requests as described in the rules may

result in sanctions.  See Rule 37, Fed.R.Civ.P.

-4-

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of August, 2007.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff

-5-